# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| JACOB MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:21-cv-00088 |
| v. ) | |
| ) | |
| WASHINGTON COUNTY ) | |
| SHERIFF'S OFFICE, SHERIFF ) | |
| BRENT MILLER, INDIANA ) | |
| STATE POLICE, LT. CHRISTOPHER ) | |
| KEETON, and TROOPER BRETT ) | |
| ALEXANDER WALTERS, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff Jacob Mills, by counsel, complaining of Defendants Washington County Sheriff's Office, Sheriff Brent Miller, Indiana State Police, Lt. Christopher Keeton, and Trooper Brett Alexander Walters states to this Court as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction over this action under 28. U.S.C. § 1331 and by 42 U.S.C. §§ 1983 and 1985.

2. This Court also has supplemental jurisdiction over Plaintiff Jacob Mills' pendant state law claims pursuant to 28 U.S.C. § 1367(a) because they arise out of the same incident as the federal claims.

3. Venue is proper under 28 U.S.C. § 1391 in that the claim alleged herein arose in and the location of the Defendants are in Washington County, Indiana, within the Southern District of Indiana.

1

## THE PARTIES

4. Plaintiff Jacob Mills (hereinafter "Mills" or "Plaintiff") is an individual and resides in Lake County, Indiana.

5. The Washington County Sheriff's Office (hereinafter "WCSO") is a municipal government entity located in Washington County, Indiana.

6. At all relevant times, Defendant Sheriff Brent Miller (hereinafter "Sheriff Miller") was employed by WCSO and was acting within the scope of his employment with WCSO as the Sheriff.

7. The Indiana State Police (hereinafter "ISP") is a government entity.

8. At all relevant times, Lt. Christopher Keeton (hereinafter "Lt. Keeton") was employed with ISP and was acting within the scope of his employment with ISP as the Sellersburg District 45 Commander.

9. At all relevant times, Trooper Brett Alexander Walters (hereinafter "Trooper Walters") was employed with ISP and was acting within the scope of his employment with ISP as a law enforcement officer.

10. All named defendants may be referred to collectively as "Defendants".

## FACTUAL ALLEGATIONS

11. On April 26, 2017, Mills was arrested by Trooper Walters.

12. During the arrest, Trooper Walters confiscated Mills' iPhone and video surveillance equipment.

13. Upon information and belief, Defendants also confiscated other items of Mills' personal property, including a watch, iPad, jewelry, jar of change, and a digital camara, none which

2

were taken in connection to the underlying criminal investigation or for any other law enforcement purpose.

14. Upon information and belief, Mills' surveillance equipment recorded footage of the confiscation of Mills' Property.

15. On May 5, 2017, criminal proceedings were initiated against Mills in Washington Circuit Court.

16. During the criminal proceedings, Mills' Property was held in the possession of ISP and WCSO.

17. On or about June 7, 2017, Mills filed a motion with the Washington Circuit Court requesting that his Property be returned because the Property was not evidence.

18. On May 30, 2019, the Washington Circuit Court ordered that any officer or any other member of WCSO or ISP return the Property to Mills within thirty (30) days.

19. Per the Washington Circuit Court's directions, Mills reported to WCSO to obtain his Property.

20. Despite the court order, WCSO and Sheriff Miller refused or otherwise failed to return the Property to Mills.

21. Mills also reported to ISP's Sellersburg location to obtain his Property.

22. Despite the court order, ISP and Lt. Keeton refused or otherwise failed to return the Property to Mills.

23. Do date, Defendants have still not returned Mills' Property.

24. Upon information and belief, Defendants did not intend to return Mills' Property.

25. Upon information and belief, Defendants have refused to return Mills' surveillance equipment due to the footage contained therein as it relates to the confiscation of Mills' Property.

26. As a direct, legal, and proximate result of Defendants' acts and/or omissions, Plaintiff seeks all damages and remedies allowable under Indiana state law as well as all damages and remedies allowable pursuant to 42 U.S.C. § 1983, the applicable federal and Constitutional law.

### COUNT I: FOURTH AMENDMENT – UNLAWFUL SEIZURE
**(Trooper Walters in his individual and official capacities, Sheriff Jones in his individual and official capacities, and Lt. Keeton in his individual and official capacities)**

27. Mills incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Potts is entitled to relief. Fed. R. Civ. P. 8(a)(2).

28. The Fourth Amendment provides that people shall be secure in their persons against unreasonable searches and seizures.

29. Defendants seized Mills' Property during the underlying criminal proceedings.

30. Defendants' actions and omissions in unlawfully refusing to return Mills' Property, despite being court ordered to do so, constituted a violation and deprivation of Mills' rights under the Fourth Amendment.

31. Defendants knew, or should have known, that their acts and/or omissions would likely result in a violation of Fourth Amendment rights of innocent persons.

32. Defendants have acted with deliberate indifference by refusing to return Plaintiff's Property despite being ordered to do so by the Washington Circuit Court.

33. The actions and omissions of Defendants caused Mills to suffer economic and non-economic damages.

34. Mills requests that this Court grant him injunctive relief ordering that Defendants return his Property.

## COUNT II: CONVERSION

(**WCSO and ISP**)

35. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

36. Defendants seized Mills' Property during the underlying criminal proceedings.

37. Defendants' actions and omissions in unlawfully refusing to return Mills' Property, despite being court ordered to do so, constituted conversion.

38. As a direct, legal, and proximate cause of Defendants' actions, Mills sustained economic damages.

39. Mills additionally requests treble damages and any and all litigation costs for the economic damages sustained as a result of Defendants' acts and omissions in depriving Mills of his property rights.

## PRAYER FOR RELIEF

Mills prays that a judgment be entered on his behalf and against the Defendants on all Counts of this Complaint that awards Mills:

    A. Compensatory damages, treble damages, as well as reasonable attorney's fees and litigations costs and expenses incurred in this matter to the fullest extent of the law;

B. Injunctive relief in the form of an order that Defendants return to Mills all of his Property as ordered by the Washington Circuit Court; and

C. Any and all other relief as this Court deems just and proper.

## RESERVATION OF RIGHTS

Mills reserves the right to proceed with any and all claims which the facts averred in this complaint support, pursuant to the notice pleading requirement of F.R.C.P. 8.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in favor of him on all counts of his Complaint, award him compensatory damages and punitive damages as well as litigation costs and grant him such other and further relief as this Court deems just under the circumstances, including, but not limited to, injunctive relief, attorney's fees, and pre and post-judgment interest.

## DEMAND FOR JURY TRIAL

Mills hereby demands a trial by jury of all issues so triable.

Dated: May 26, 2021

Respectfully submitted,

*s/ Andrea L. Ciobanu*
Andrea L. Ciobanu, #28942-49
CIOBANU LAW, P.C.
902 E. 66th Street
Indianapolis, IN 46220
Telephone: (317) 495-1090
Fax:        (866) 841-2071
Email:      aciobanu@ciobanulaw.com